IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM J. DeMARIA,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )        No.  04 C 6918
                                   )
ERIC K. SHINSEKI, Secretary of     )
Veterans Affairs, et al.,          )
                                   )
          Defendants.              )

MEMORANDUM OPINION AND ORDER

William DeMaria ("DeMaria") has sued Secretary of Veterans
Affairs Eric K. Shinseki ("Secretary"),[1] charging age
discrimination and retaliation in violation of the Age
Discrimination in Employment Act ("Act," 29 U.S.C. §§621-634).
Secretary has moved for summary judgment under Fed. R. Civ. P.
("Rule") 56, and the motion has been fully briefed.  For the
reasons stated below, the Rule 56 motion is granted and this

---

[1] In fact this action, which as will be seen has been
hanging fire for a good deal longer than should have been the
case, was originally brought against a predecessor of defendant
Shinsecki who was then occupying the Secretary's post, and it was
originally assigned to this Court's colleague Honorable Paul
Plunkett.  This Court inherited the case via random reassignment
in September 2006, and it then moved the case forward through the
discovery process and initially set a close of discovery deadline
for the early spring of 2008.  Since then the protracted delay
has been largely caused by the recalcitrance of an individual who
was thought to be a key witness--until the government finally
gave up on the efforts to obtain his deposition and filed the
current motion.  But given what the parties have now tendered as
set forth hereafter, this Court has considerable difficulty in
understanding why a dispositive motion was not submitted much
earlier.  In the meantime, it should be added that because
Secretary is the only proper defendant in this action, all other
defendants are dismissed (42 U.S.C. §2000e-16(c)).

action is dismissed with prejudice.[2]

Every Rule 56 movant bears the burden of establishing the absence of any genuine issue of material factual dispute (Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). For that purpose courts consider evidentiary records in the light most favorable to nonmovants and draw all reasonable inferences in their favor (Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002)).

But to avoid summary judgment a nonmovant "must produce more than a scintilla of evidence to support his position" that a genuine issue of disputed fact exists (Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir. 2001)) and "must set forth specific facts that demonstrate a genuine issue of triable fact" (id.). Ultimately summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

DeMaria conceded in his responsive memorandum (D. Mem. at 6) that his retaliation claim was not supported by any evidence. That claim is therefore dismissed, and DeMaria's only remaining claim is his contention that he was the victim of age discrimination.  That final claim fails for a number of reasons, any of which would suffice for dismissal.  But the reason most

---

[2]  Citations to DeMaria's submissions will take the form "D.--," while citations to Secretary's submissions will take the form "S.--," each followed by an appropriate designation--"Ex.," "Mem." and "R. Mem."  Submissions pursuant to this District Court's LR 56.1 will be designated "St."

readily stated in brief compass is the fatal defect that DeMaria failed to pursue his administrative remedies under the Act in a timely manner.

Federally employed claimants under the Act are required to contact an agency EEO counselor within 45 days of alleged discrimination (29 C.F.R. §1614.105(a)(1)). DeMaria was informed of that 45 day limitation period by the EEOC in October 2002, yet he failed to contact a Veterans Administration ("VA") EEO counselor until more than 45 days after he was last denied employment with the VA (D. Ex. 4 at 2).[3]

DeMaria contends that he communicated with the EEOC as well as a VA human resources employee in a timely manner, so that he did take the appropriate administrative steps (D. Mem. at 4). But even if that had been the case (as it was not), his claims under the Act would still fail. Even when the evidence is viewed in the light most favorable to DeMaria, as this Court does on the current Rule 56 motion, he has still failed to make out a prima facie case of discrimination.

With no evidence whatever that would qualify to create even a direct inference of discrimination, DeMaria must rely on the indirect, burden-shifting test of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under that test, DeMaria cannot make

---

[3] Indeed, DeMaria initiated that first EEO counselor contact years after the string of his nonselections for VA jobs began in 1995--a string that continued through 2002 into early 2003.

out at least one of its essential elements:  the requirement that
he was qualified for the positions he sought,[4] a requirement as
to which he has tendered no supporting evidence.  In that respect
DeMaria does point to a security clearance in May 2003 as
purported support for his claim that he was qualified.  But he
has not identified any particular position for which security
clearance was sought and for which he claims he applied and was
qualified, and so that contention fails for lack of adequate
proof.

In sum, DeMaria's lawsuit is entitled to short shrift
indeed.  From the comprehensive analysis in the government's
final submission (its Reply Memorandum), it is clear that his
ill-grounded claims fail to surmount a whole series of hurdles,
any one of which dooms his action.  There are no genuine issues
of material fact, so that Secretary is entitled to a judgment as
a matter of law.  Secretary's motion is granted, and this action
is dismissed as to all defendants with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 17, 2009

_____

[4]  In addition, there is no evidence that the persons hired
into those positions were substantially younger than DeMaria.
That then would serve as an additional ground for dismissal--but
as with the issue of untimeliness, even in the absence of that
deficiency he could not avoid summary judgment in any event.