```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

WILLIAM J. DeMARIA,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 04 C 6918
                                 )
ERIC K. SHINSEKI, Secretary      )
of Veterans Affairs, et al.,     )
                                 )
          Defendants.            )
```

## MEMORANDUM ORDER

Appointed counsel for William DeMaria in his unsuccessful employment discrimination action has filed a Request for Reimbursement of Expenses pursuant to this District Court's LR 83.40, seeking the payment from court funds of $810 expended on deposition transcripts and $579.21 in travel expenses. This Court finds no difficulty in approving the former, but this brief memorandum order explains why such approval does not extend to the latter item.

This Court does not question counsel's expenditure for those items, comprising mileage charges at the rates applicable to claims under the Criminal Justice Act plus parking charges actually incurred. But the government really cannot be expected to pay for counsel's having chosen to office in Evergreen Park, some 16.6 miles from the federal courthouse. It would frankly be quite surprising if counsel were to seek such reimbursement from his firm's paying clients, rather than regarding the consequences of that choice as part of the firm's overhead subsumed within its

hourly rates (including such items as rent, secretarial services, telephone costs and the host of other incidental expenses implicit in the practice of law).[1]

This court has reviewed the existing Regulations Governing the Prepayment and Reimbursement of Expenses in Pro Bono Cases, and it finds that appropriately incurred travel expenses do come within the scope of those regulations. But such inclusion is intended for such situations as are now constantly encountered because (for example) the Metropolitan Correctional Center is hopelessly overcrowded, requiring criminal defendants to be housed at substantial distances from the Chicago Loop and in turn requiring their counsel to travel to those locations to meet and confers with those clients.

This memorandum order should not of course be viewed as criticizing counsel's choice of office locations, selected to serve counsel's convenience. It is rather that limited public funds should not be applied to serve such voluntary choices.

_____
Milton I. Shadur
Senior United States District Judge

Date:    January 4, 2009

---

[1] As this District Court's LR 83.41 provides, appointed pro bono counsel (as the label itself denotes) are not entitled to the payment of attorneys' fees -- which would cover such overhead expenses -- except under special circumstances that do not apply here.